**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AUGUST CABRERA, *et al.*, | |
| Plaintiffs, | |
| | Case No.: 19-cv-3833-EGS |
| v. | |
| BLACK & VEATCH SPECIAL PROJECTS CORPORATION, *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |

## SHORT FORM COMPLAINT

1.      The following Plaintiffs file this Short Form Complaint against Defendants[*] as permitted by the Court's August 18, 2020 Order, Dkt. 99.  Each Plaintiff below adopts the First Amended Complaint (the "FAC"), Dkt. 82, in its entirety.  *See* Dkt. 99 ¶ 1.  The filing of this Short Form Complaint does not moot Defendants' pending Motions to Dismiss the FAC, Dkts. 102 through 111-15, and each Plaintiff below shall be bound by the Court's ruling on those motions, *see* Dkt. 99 ¶ 4.  Plaintiffs' counsel reserves the right to add additional new plaintiffs through a similar short form complaint at any time prior to the Court ruling on the Motions to Dismiss.  *See* Dkt. 99 ¶ 1.

---

[*] Black & Veatch Special Projects Corporation; Centerra Group, LLC; DAI Global LLC; Environmental Chemical Corporation; G4S Holdings International (AG) Limited; G4S Risk Management Limited; Janus Global Operations LLC; Louis Berger Group, Inc.; Louis Berger International, Inc.; Louis Berger Group, Inc./Black & Veatch Special Projects Corporation Joint Venture; MTN Group Limited; MTN (Dubai) Limited; MTN Afghanistan; Blumont, Inc.; Blumont Global Development, Inc.; International Relief and Development, Inc.; and Chemonics International, Inc.

## I.    ADDITIONAL FAMILY MEMBERS OF EXISTING PLAINTIFFS

2.    The following plaintiffs have family members who are existing Plaintiffs in this case.  These plaintiffs adopt the relevant allegations pertaining to their family in the FAC, and these existing allegations are reproduced below in italics for convenience.

### *The Nicholas C.D. Hensley Family*

3.    Plaintiff Michaela Michelle Hensley is the sister of SPC Hensley.  She is a national of the United States whose family members are existing Plaintiffs and whose allegations Michaela Michelle Hensley adopts.  *See* FAC ¶¶ 1380-84, 1387.

4.    *Specialist Nicholas C.D. Hensley served in Afghanistan as a member of the U.S. Army.  On June 15, 2011, SPC Hensley was injured in an IED attack in Kandahar Province, Afghanistan.  SPC Hensley died on June 24, 2011 as a result of injuries sustained during the attack.*

5.    *The attack was committed by the Taliban.*

6.    *SPC Hensley's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED neither wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.*

7.    *SPC Hensley was a national of the United States at the time of the attack and his death.*

8.    *As a result of the attack, SPC Hensley was injured in his person and/or property. The Plaintiff members of the Hensley Family are the survivors and/or heirs of SPC Hensley and are entitled to recover for the damages SPC Hensley sustained.*

9.      *As a result of the June 15, 2011 attack and SPC Hensley's injuries and death, each member of the Hensley Family has experienced severe mental anguish, emotional pain and suffering, and the loss of SPC Hensley's society, companionship, and counsel.*

**The Sean W. Mullen Family**

10.     Plaintiff Nancy Marie Mullen is the widow of WO1 Mullen.  She is a national of the United States whose family members are existing Plaintiffs and whose allegations Nancy Marie Mullen adopts.  *See* FAC ¶¶ 1840-44, 1847.

11.     *Warrant Officer Sean W. Mullen served in Afghanistan as a member of the U.S. Army.  On June 2, 2013, WO1 Mullen was injured in an IED attack in Helmand Province, Afghanistan.  WO1 Mullen died on June 2, 2013 as a result of injuries sustained during the attack.*

12.     *The attack was committed by the Taliban.*

13.     *WO1 Mullen's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED neither wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.*

14.     *WO1 Mullen was a national of the United States at the time of the attack and his death.*

15.     *As a result of the attack, WO1 Mullen was injured in his person and/or property. The Plaintiff members of the Mullen Family are the survivors and/or heirs of WO1 Mullen and are entitled to recover for the damages WO1 Mullen sustained.*

16.    *As a result of the June 2, 2013 attack and WO1 Mullen's injuries and death, each member of the Mullen Family has experienced severe mental anguish, emotional pain and suffering, and the loss of WO1 Mullen's society, companionship, and counsel.*

### *The Bryan J. Nichols Family*

17.    Plaintiff Mary R. Hammerbacher-Nichols is the widow of CW2 Nichols.  She is a national of the United States whose family members are existing Plaintiffs and whose allegations Mary R. Hammerbacher-Nichols adopts.  *See* FAC ¶¶ 1895-99, 1903.

18.    Plaintiff Monte Douglas Nichols is the brother of CW2 Nichols.  He is a national of the United States whose family members are existing Plaintiffs and whose allegations Monte Douglas Nichols adopts.  *See id.*

19.    Plaintiff Nicole Ann Robles is the sister of CW2 Nichols.  She is a national of the United States whose family members are existing Plaintiffs and whose allegations Nicole Ann Robles adopts.  *See id.*

20.    *Chief Warrant Officer 2 Bryan J. Nichols served in Afghanistan as a member of the U.S. Army Reserve.  On August 6, 2011, CW2 Nichols was injured in an attack on a helicopter in Wardak Province, Afghanistan.  CW2 Nichols died on August 6, 2011 as a result of injuries sustained during the attack.*

21.    *The attack was committed by the Haqqani Network (a part of the Taliban) and al-Qaeda (a designated FTO at the time of the attack).*

22.    *CW2 Nichols's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who committed the attack neither wore uniforms nor otherwise identified themselves as enemy combatants.*

23. *CW2 Nichols was a national of the United States at the time of the attack and his death.*

24. *As a result of the attack, CW2 Nichols was injured in his person and/or property. The Plaintiff members of the Nichols Family are the survivors and/or heirs of CW2 Nichols and are entitled to recover for the damages CW2 Nichols sustained.*

25. *As a result of the August 6, 2011 attack and CW2 Nichols's injuries and death, each member of the Nichols Family has experienced severe mental anguish, emotional pain and suffering, and the loss of CW2 Nichols's society, companionship, and counsel.*

### *The Joseph R. Perez Family*

26. Plaintiff Debra Ann Perez is the widow of Mr. Perez. She is a national of the United States whose family members are existing Plaintiffs and whose allegations Debra Ann Perez adopts. *See* FAC ¶¶ 1970-74, 1978.

27. Plaintiff Robin Elizabeth Akers is the daughter of Mr. Perez. She is a national of the United States whose family members are existing Plaintiffs and whose allegations Robin Elizabeth Akers adopts. *See id.*

28. *Customs Advisor Joseph R. Perez served in Afghanistan as a civilian government contractor working for FedSys. On July 22, 2012, Mr. Perez was injured in an insider attack in Herat Province, Afghanistan. Mr. Perez died on July 22, 2012 as a result of injuries sustained during the attack.*

29. *The attack was committed by the Taliban.*

30. *Mr. Perez's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, he was a civilian not taking part in*

*hostilities, and the terrorist who committed the attack was unlawfully wearing the uniform of his enemy.*

*31.    Mr. Perez was a national of the United States at the time of the attack and his death.*

*32.    As a result of the attack, Mr. Perez was injured in his person and/or property. The Plaintiff members of the Perez Family are the survivors and/or heirs of Mr. Perez and are entitled to recover for the damages Mr. Perez sustained.*

*33.    As a result of the July 22, 2012 attack and Mr. Perez's injuries and death, each member of the Perez Family has experienced severe mental anguish, emotional pain and suffering, and the loss of Mr. Perez's society, companionship, and counsel.*

## II.    NEW PLAINTIFF FAMILIES

34.    The following plaintiffs are not members of families already represented in the FAC.

### The Frank Robert Gross Family

35.    Corporal Frank Robert Gross served in Afghanistan as a member of the U.S. Army.  On July 16, 2011, CPL Gross was injured in an IED attack in Khost Province, Afghanistan.  CPL Gross died on July 16, 2011 as a result of injuries sustained during the attack.

36.    The attack was committed by the Haqqani Network (a part of the Taliban) and al-Qaeda (a designated FTO at the time of the attack) acting together in a joint al-Qaeda-Taliban cell.

37.    CPL Gross's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED neither

wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.

38.    CPL Gross was a national of the United States at the time of the attack and his death.

39.    As a result of the attack, CPL Gross was injured in his person and/or property. The Plaintiff members of the Gross Family are the survivors and/or heirs of CPL Gross and are entitled to recover for the damages CPL Gross sustained.

40.    Plaintiff Craig Gross is the father of CPL Gross.  He is a national of the United States.

41.    Plaintiff Natalie Anne Gross is the sister of CPL Gross.  She is a national of the United States.

42.    As a result of the July 16, 2011 attack and CPL Gross's injuries, each member of the Gross Family has experienced severe mental anguish, emotional pain and suffering.

**The Alexis Leigh Kamerman Family**

43.    Alexis Leigh Kamerman served in Afghanistan as a civilian educator with American University of Afghanistan.  On January 17, 2014, Ms. Kamerman was injured in a complex attack involving a suicide bomber and gunmen in Kabul Province, Afghanistan.  Ms. Kamerman died on January 17, 2014 as a result of injuries sustained during the attack.

44.    The attack was committed by the Taliban (including the Haqqani Network, a designated FTO at the time of the attack) and al-Qaeda (a designated FTO at the time of the attack) acting together in the Kabul Attack Network.

45.     Ms. Kamerman's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, she was a civilian not taking part in hostilities and was killed while eating at a restaurant.

46.     Ms. Kamerman was a national of the United States at the time of the attack and her death.

47.     As a result of the attack, Ms. Kamerman was injured in her person and/or property.  The Plaintiff members of the Kamerman Family are the survivors and/or heirs of Ms. Kamerman and are entitled to recover for the damages Ms. Kamerman sustained.

48.     Plaintiff Alison Reta Pohn is the mother of Ms. Kamerman.  She is a national of the United States.

49.     Plaintiff John Connelly McCarthy is the step-father of Ms. Kamerman.  He is a national of the United States.  John Connelly McCarthy lived in the same household as Ms. Kamerman for a substantial period of time and considered Ms. Kamerman the functional equivalent of a biological daughter.

50.     As a result of the January 17, 2014 attack and Ms. Kamerman's injuries, each member of the Kamerman Family has experienced severe mental anguish, emotional pain and suffering.

**The Cameron Sade Kennedy Family**

51.     Plaintiff Sergeant Cameron Sade Kennedy served in Afghanistan as a member of the U.S. Army.  On January 4, 2011, SGT Kennedy was injured in a rocket propelled grenade attack in Khost Province, Afghanistan.  The attack severely wounded SGT Kennedy, who suffers from permanent loss of vision in both eyes (20/200 vision with a visual field of 10 degrees) requiring the use of a guide dog, a traumatic brain injury, migraines, post-traumatic stress

disorder, and tinnitus.  As a result of the January 4, 2011 attack and her injuries, SGT Kennedy

has experienced severe physical and emotional pain and suffering.

52.    The attack was committed by the Haqqani Network (a part of the Taliban) and al-

Qaeda (a designated FTO at the time of the attack) acting together in a joint al-Qaeda-Taliban

cell.

53.    The attack that injured SGT Kennedy would have violated the laws of war if these

terrorist groups were subject to them because, among other reasons, the terrorist(s) who

committed the attack neither wore uniforms nor otherwise identified themselves as enemy

combatants.

54.    SGT Kennedy was a national of the United States at the time of the attack, and

remains one to this day.

55.    Plaintiff K.A.K., by and through her next friend Cameron Sade Kennedy, is the

daughter of SGT Kennedy.  She is a national of the United States.

56.    Plaintiff A.D.R.K.-Y., by and through her next friend Cameron Sade Kennedy, is

the daughter of SGT Kennedy.  She is a national of the United States.

57.    Plaintiff T.M.S., by and through his next friend Cameron Sade Kennedy, is the

son of SGT Kennedy.  He is a national of the United States.

58.    As a result of the January 4, 2011 attack and SGT Kennedy's injuries, each

member of the Kennedy Family has experienced severe mental anguish, emotional pain and

suffering.

**The Liam Jules Nevins Family**

59.    Sergeant First Class Liam Jules Nevins served in Afghanistan as a member of the

U.S. Army.  On September 21, 2013, SFC Nevins was injured in an insider attack in Paktia

Province, Afghanistan.  SFC Nevins died on September 21, 2013 as a result of injuries sustained during the attack.

60.     The attack was committed by the Haqqani Network (a designated FTO at the time of the attack and part of the Taliban) and al-Qaeda (a designated FTO at the time of the attack) acting together in a joint al-Qaeda-Taliban cell.

61.     SFC Nevins's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist who committed the attack was unlawfully wearing the uniform of his enemy.

62.     SFC Nevins was a national of the United States at the time of the attack and his death.

63.     As a result of the attack, SFC Nevins was injured in his person and/or property. The Plaintiff members of the Nevins Family are the survivors and/or heirs of SFC Nevins and are entitled to recover for the damages SFC Nevins sustained.

64.     Plaintiff William R. Nevins is the father of SFC Nevins.  He is a national of the United States.

65.     As a result of the September 21, 2013 attack and SFC Nevins's injuries, each member of the Nevins Family has experienced severe mental anguish, emotional pain and suffering.

**The Cody J. Patterson Family**

66.     Specialist Cody J. Patterson served in Afghanistan as a member of the U.S. Army. On October 6, 2013, SPC Patterson was injured in an IED attack in Kandahar Province, Afghanistan.  SPC Patterson died on October 6, 2013 as a result of injuries sustained during the attack.

67.     The attack was committed by the Taliban.

68.     SPC Patterson's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED neither wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.

69.     SPC Patterson was a national of the United States at the time of the attack and his death.

70.     As a result of the attack, SPC Patterson was injured in his person and/or property. The Plaintiff members of the Patterson Family are the survivors and/or heirs of SPC Patterson and are entitled to recover for the damages SPC Patterson sustained.

71.     Plaintiff Nancy R. Wilson is the mother of SPC Patterson.  She is a national of the United States.

72.     As a result of the October 6, 2013 attack and SPC Patterson's injuries, each member of the Patterson Family has experienced severe mental anguish, emotional pain and suffering.

**The Joseph W. Schultz Family**

73.     Captain Joseph W. Schultz served in Afghanistan as a member of the U.S. Army. On May 29, 2011, CPT Schultz was injured in an IED attack in Wardak Province, Afghanistan. CPT Schultz died on May 29, 2011 as a result of injuries sustained during the attack.

74.     The attack was committed by the Haqqani Network, a part of the Taliban.

75.     CPT Schultz's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED

neither wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.

76.    CPT Schultz was a national of the United States at the time of the attack and his death.

77.    As a result of the attack, CPT Schultz was injured in his person and/or property. The Plaintiff members of the Schultz Family are the survivors and/or heirs of CPT Schultz and are entitled to recover for the damages CPT Schultz sustained.

78.    Plaintiff Betsy Reed Schultz is the mother of CPT Schultz.  She is a national of the United States.

79.    As a result of the May 29, 2011 attack and CPT Schultz's injuries, each member of the Schultz Family has experienced severe mental anguish, emotional pain and suffering.

**The Jeffrey Lee White Jr. Family**

80.    Specialist Jeffrey Lee White Jr. served in Afghanistan as a member of the U.S. Army.  On April 3, 2012, SPC White was injured in an IED attack in Khost Province, Afghanistan.  SPC White died on April 3, 2012 as a result of injuries sustained during the attack.

81.    The attack was committed by the Haqqani Network (a part of the Taliban) and al-Qaeda (a designated FTO at the time of the attack) acting together in a joint al-Qaeda-Taliban cell.

82.    SPC White's murder would have violated the laws of war if these terrorist groups were subject to them because, among other reasons, the terrorist(s) who planted the IED neither wore uniforms nor otherwise identified themselves as enemy combatants, and the passive detonation system indiscriminately placed civilians at risk.

83.    SPC White was a national of the United States at the time of the attack and his death.

84.    As a result of the attack, SPC White was injured in his person and/or property. The Plaintiff members of the White Family are the survivors and/or heirs of SPC White and are entitled to recover for the damages SPC White sustained.

85.    Plaintiff Jeffrey L. White Sr. is the father of SPC White.  He is a national of the United States.

86.    Plaintiff Paula K. White is the mother of SPC White.  She is a national of the United States.

87.    Plaintiff Kyle White is the brother of SPC White.  He is a national of the United States.

88.    Plaintiff Michael White is the brother of SPC White.  He is a national of the United States.

89.    As a result of the April 3, 2012 attack and SPC White's injuries, each member of the White Family has experienced severe mental anguish, emotional pain and suffering.


Dated:  December 23, 2020

Respectfully submitted,

Michael J. Gottlieb (D.C. Bar No. 974960)      /s/ Joshua D. Branson

Randall Jackson (D.C. Bar No. 490798)

Nicholas Reddick (D.C. Bar No. 1670683)

Willkie Farr & Gallagher LLP

1875 K Street, N.W.

Washington, DC 20006-1238

Tel: (202) 303-1000

Fax: (202) 303-2000

MGottlieb@willkie.com

RJackson@willkie.com

NReddick@willkie.com

/s/ Joshua D. Branson

Joshua D. Branson (D.C. Bar No. 981623)

Andrew E. Goldsmith (D.C. Bar No. 1007074)

Grace W. Knofczynski (D.C. Bar No. 15000407)

Kellogg, Hansen, Todd,
 Figel & Frederick, P.L.L.C.

1615 M Street, N.W., Suite 400

Washington, D.C. 20036

Tel:  (202) 326-7900

Fax:  (202) 326-7999

jbranson@kellogghansen.com

agoldsmith@kellogghansen.com

gknofczynski@kellogghansen.com


Ryan R. Sparacino (D.C. Bar No. 493700)

Sparacino PLLC

1920 L Street, NW, Suite 535

Washington, D.C. 20036

Tel:  (202) 629-3530

ryan.sparacino@sparacinopllc.com


*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson
