IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUGUST CABRERA, *et al.*,

        *Plaintiffs*,

    v.

BLACK & VEATCH SPECIAL
PROJECTS CORPORATION, *et al.*,

        *Defendants*.

Case No. 19-cv-03833-EGS-ZMF

**THE MTN DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The MTN Defendants offer this Response to Plaintiffs' Notice of Supplemental Authority

("Pls.' Notice") (Dkt. 138), in which Plaintiffs try but fail to resuscitate their jurisdictional

arguments by relying on the Supreme Court's recent ruling in *Ford Motor Co. v. Montana Eighth

Judicial District Court*, 141 S. Ct. 1017 (2021). *Ford* does not alter the conclusion that this Court

lacks personal jurisdiction over the MTN Defendants, for four reasons.

*First*, *Ford* does not alter the analysis of Plaintiffs' primary argument for jurisdiction: the

baseless claim that MTN intentionally targeted the United States, which turns on *Walden v. Fiore*,

571 U.S. 277 (2014). *See* Mem. Supp. MTN Defendants' Mot. to Dismiss ("Mem.") 15-21 (Dkt.

102-1); Reply Mem. Supp. MTN Defendants' Mot. to Dismiss ("Reply") 2-12 (Dkt. 124). In *Ford,*

the Court noted that "*Walden* has precious little to do with the cases before us," 141 S. Ct. at 1031,

so *Ford* has precious little to do with the core jurisdictional issue in this case.

*Second*, Plaintiffs mistake the reach of *Ford*, erroneously stating that "the Court held that

Ford's conduct reflected '"purposeful availment" of the two States' markets.'" Pls.' Notice 2

(quoting *Ford*, 141 S. Ct. at 1028). In fact, Ford "*conceded* 'purposeful availment.'" 141 S. Ct. at 1028 (emphasis added). As a result, the Court did not decide anything about purposeful availment, and *Ford* does not alter the purposeful-availment framework that requires dismissal of the claims against the MTN Defendants. *See* Mem. 26-34, Reply 15-20. It is not surprising that Ford conceded purposeful availment because Ford's "substantial business in the State," 141 S. Ct. at 1022, stands in marked contrast to the MTN Defendants' complete lack of U.S. operations, *see* Mem. 4-6.

*Third*, Plaintiffs still fail to show that their injuries "arise from or relate to" the MTN Defendants' U.S. contacts, even under *Ford*. For starters, Plaintiffs' injuries do not "arise from" the IFC or MIGA contracts—the only U.S. contacts Plaintiffs allege. Mem. 22-26; Reply 12-15. *Ford* did not alter the "arise from" analysis, and it did not, as Plaintiffs contend (Pls.' Notice 1-2), make the question of a "meaningful causal link" irrelevant. To the contrary, *Ford* explained that the "arise from" inquiry "asks about causation." 141 S. Ct. at 1026.  Indeed, though Plaintiffs fault the MTN Defendants for "rel[ying] heavily on [a] supposed causation requirement," Pls.' Notice 2, it is *Plaintiffs* who argued that there was a "causal relationship," Pls.' Opp'n to MTN Defendants' Mot. to Dismiss 27 (Dkt. 117), and *Ford* does not change the reasons why they are wrong, *see* Reply 12-15.

Nor do Plaintiffs' claims "relate to" the IFC or MIGA contracts. The "relate to" prong, *Ford* held, imposes "real limits" on jurisdiction and "does not mean anything goes," "as it must to adequately protect defendants foreign to a forum." 141 S. Ct. at 1026. In *Ford*, the plaintiffs' injuries—sustained in the forum State while driving Ford vehicles—related to Ford's contacts with their states because Ford extensively advertised and serviced the same vehicle models in those states. *Id.* at 1028. Thus, Ford's forum contacts "serve[d] a market" for the vehicles "in the forum State[s]," and the vehicles "malfunction[ed]" in those States. *Id.* at 1027. The "affiliation between

the forum and the underlying controversy" was obvious: the claims were about vehicles that malfunctioned in the forum, and Ford's forum contacts involved marketing and servicing such vehicles. *Id.* at 1026. Here, the only supposed forum contact is receiving foreign development financing from international organizations, which has no meaningful affiliation with the underlying controversy: MTN Afghanistan's alleged deactivation of cell towers in Afghanistan after they were built, and alleged extortion payments made entirely in Afghanistan. *See* Mem. 22-26; Reply 13. To find specific jurisdiction based on those meager and tangential forum contacts would be to endorse the "anything goes" approach to relatedness that *Ford* foreclosed. 141 S. Ct. at 1026.

*Finally*, Plaintiffs' suggestion (Pls.' Notice 2) that "a forum's 'significant interests' in a controversy" can trump the requirement of a defendant having suit-related forum contacts once again misconstrues *Ford*. The Court observed only that "principles of 'interstate federalism' support jurisdiction over these suits in Montana and Minnesota," where plaintiffs' accidents occurred, rather than in "Washington and North Dakota," where Ford first sold the cars (to others). 141 S. Ct. at 1030. These principles have nothing to do with the MTN Defendants, who have no operations anywhere in the United States. *See* Mem. 4-6. Instead, Plaintiffs seek to inject considerations relevant only to the reasonableness inquiry—a separate requirement—into the test for suit-relatedness. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 323 (3d Cir. 2007) ("Relatedness is an independent constitutional mandate . . . .").

For the above reasons, and the reasons stated in the MTN Defendants' prior briefing, this Court should dismiss the claims against the MTN Defendants for lack of personal jurisdiction.

3

Dated: April 16, 2021                                    Respectfully submitted,


/s/ John E. Hall                                         /s/ Timothy P. Harkness
John E. Hall (D.C. Bar No. 415364)                       Timothy P. Harkness (D.D.C. Bar No. NY0331)
David M. Zionts (D.C. Bar No. 995170)                    Kimberly H. Zelnick (D.D.C. Bar No. NY0325)
Jordan L. Moran (D.C. Bar No. 888273537)                 Scott A. Eisman (D.D.C. Bar No. NY0326)
Covington & Burling LLP                                  Freshfields Bruckhaus Deringer US LLP
One CityCenter                                           601 Lexington Avenue, 31st Floor
850 Tenth Street N.W.                                    New York, NY 10022
Washington, DC 20001                                     Telephone: (212) 277-4000
Telephone: (202) 662-5987                                Facsimile: (212) 277-4001
Facsimile: (202) 778-5987                                timothy.harkness@freshfields.com
jhall@cov.com                                            kimberly.zelnick@freshfields.com
dzionts@cov.com                                          scott.eisman@freshfields.com
jmoran@cov.com

Benjamin S. Haley (D.C. Bar No. 500103)
Covington & Burling (Pty) Ltd.
Rosebank Link
173 Oxford Road, 7th Floor
Johannesburg 2196, South Africa
Telephone: +27 (11) 944-6914
bhaley@cov.com


*Counsel for Defendants MTN Group Limited,*
*MTN (Dubai) Limited, and MTN Afghanistan*